UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH B. GIBBS,

Plaintiff,

v.

J.R. BRADFORD, et al.,

Defendants.

No. 2:16-cv-0544-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. His initial complaint was dismissed with leave to amend (ECF No. 7) and he has now filed an amended complaint (ECF No. 17), which the court must screen.

## Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41

(1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. <u>Analysis</u>

Plaintiff alleges that, in 2013 and while incarcerated at Pelican Bay State Prison ("Pelican Bay"), he ran afoul of prison authorities at that institution by filing grievances related to his confinement to administrative segregation. ECF No. 17 at 6. He alleges that those unnamed officials engineered his transfer to California State Prison, Sacramento ("CSP-Sac") shortly thereafter.[1] *Id.*

Shortly after his arrival at CSP-Sac, plaintiff claims that defendant Advincula learned that he had pending suits against prison officials at Pelican Bay. *Id.* at 8-9. In retaliation, Advincula orchestrated the cancellation of plaintiff's priority legal use status for the prison library. *Id.* at 9.

/////

---

[1] Plaintiff describes a scheme by which medical staff at Pelican Bay falsely diagnosed him with a heart problem in order to accomplish his transfer to CSP-Sac. ECF No. 17 at 7. These allegations appear to be offered merely as background to the other claims in the complaint, however.

2

Plaintiff then goes on to describe numerous, loosely related incidents of retaliation which are ostensibly offered as a campaign of retaliation:

- On January 13, 2013, defendants Bradford and Casto denied plaintiff access to the law library (*id.* at 9);
- On January 18, 2013, defendant Advincula told him his library "ducat" had been cancelled and subsequently rebuffed his attempts to enter the library, telling him that an incident on the yard necessitated its closure that day (*id.* at 10);
- Defendant Bradford denied plaintiff access to the law library on an unspecified date in retaliation for plaintiff's filing of grievances (*id.*);
- Defendant Advincula, on an unspecified date, referred plaintiff to Defendant Waddle for a psychological evaluation and placement on suicide watch in order to restrict his access to the law library (*id.* at 10-11);
- On December 27, 2013, defendants Waddle, Advincula, and Cross again referred plaintiff to suicide watch in order to deny him access to the library (*id.* at 12-13);
- On January 11, 2014, defendant Bradford refused to send plaintiff a prison library "ducat" (*id.* at 13-14);
- On February 6, 2014 defendant Bradford became upset with plaintiff after he "used the big dest (sic) to staple his copies" and had him removed from the prison library (*id.* at 14); and
- On February 7, 2014, as a result of the incident the previous day, defendant Aubert turned plaintiff away from the law library on Bradford's orders (*id.*);

The federal rules of civil procedure provide that claims against multiple defendants must arise from the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20. "[T]he same transaction or occurrence requirement 'refers to similarity in the factual background of a claim.'" *Fid. Nat. Title Co. v. U.S. Small Bus. Admin.*, No. 2:13-CV-02030-KJM-AC, 2014 U.S. Dist. LEXIS 65380, 2014 WL 1883939, at *8 (E.D. Cal. May 12, 2014) (quoting *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). Claims that "arise out of a systematic pattern of events" and "have [a] very definite logical relationship" arise from the same

transaction or occurrence. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 842-43 (9th Cir. 2000) (internal quotations omitted).  Not all of plaintiff's retaliation claims adhere to this standard.  For instance, he alleges that defendant Advincula undertook to retaliate against him after learning of his previously filed lawsuits against officials at Pelican Bay.  By contrast, defendant Bradford allegedly barred him from the library on two separate occasions for different retaliatory reasons – once because he had filed grievances and once because his conduct in the library angered her. Moreover, the retaliatory incidents at issue here occurred over a lengthy temporal period – approximately a year – and involve radically different facts.  Whether plaintiff was barred from the library on a specified date is an entirely separate factual determination from whether he was referred for retaliatory psychological evaluations on different dates.  Thus, the court concludes that his claims, as currently presented, are insufficiently related to proceed in a single suit. He will be granted a final opportunity to amend.

<u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  And, as explain above, he may not join unrelated claims against multiple defendants.  *Id.*

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  An amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no

4

longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A scattershot approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that plaintiff's amended complaint (ECF No. 17) is DISMISSED with leave to amend within thirty days.  Any amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint."  Failure to comply with this order will result in dismissal of this action for failure to prosecute.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED:  November 27, 2018.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE