UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH G. GIBBS,<br><br>    Plaintiff,<br><br>    v.<br><br>J.R. BRADFORD, et al.,<br><br>    Defendants. | No. 2:16-cv-0544-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. On November 8, 2019, the Clerk of the Court closed this case in accordance with the parties' stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) (ECF Nos. 32, 34) and the court's October 30, 2019 order (ECF No. 33). Shortly thereafter, on November 15, 2019, plaintiff filed a motion "to keep lawsuit against the defendants." ECF No. 36. Defendants filed an opposition (ECF No. 37) and plaintiff filed a reply (ECF No. 41). The court construes plaintiff's motion as one for relief from judgment and so construed, the motion must be denied.[1]

Rule 60(b) provides for reconsideration of a final judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

---

[1] Voluntary dismissals pursuant to Rule 41 are considered to be orders or judgments from which relief can be granted pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See In re Hunter*, 66 F.3d 1002, 1004-05 (9th Cir. 1995).

1

discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. Local Rule 230(j).

The allegations giving rise to this lawsuit stem from events that occurred at California State Prison, Sacramento between December 2013 and January 2014. ECF No. 22 at 2-3, 8. Plaintiff seeks to reopen this case on the grounds that a non-defendant, Dr. Davis, more recently violated his rights between October to November 2019. ECF No. 36 at 1-2. If plaintiff wishes to pursue legal action arising from allegations against Dr. Davis, he must pursue them through the prison administrative process and then litigate them in a new and separate action. His allegations of recent misconduct by a non-defendant do not satisfy the standards for relief from judgment pursuant to Rule 60(b).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion "to keep lawsuit against the defendants," construed as motion for relief from judgment pursuant to Rule 60(b) (ECF No. 36), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

/////

/////

2

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 9, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE